# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

| | |
|---|---|
| **9th Cir. Case Number(s)** | 21-16506 |
| **Case Name** | Epic Games, Inc. v. Apple Inc. |
| **Counsel submitting this form** | Katherine B. Forrest<br>Cravath, Swaine & Moore LLP |
| **Represented party/parties** | Epic Games, Inc. |

*Briefly describe the dispute that gave rise to this lawsuit.*

Through a variety of technical and contractual restrictions, Apple Inc. ensures that its App Store is the exclusive means for distribution of mobile apps on iOS, the operating system for iPhones. Apple also contractually prohibits competing payment solutions other than its own for purchases of digital content within iOS apps. Apple's contractual restrictions appear in a contract of adhesion known as the Apple Developer Program License Agreement, Schedule 2 thereto and the App Store Review Guidelines, which are incorporated into the agreement. Apple requires all developers seeking to distribute apps on iOS to enter into this agreement. Epic Games, Inc. filed a complaint against Apple to enjoin Apple's conduct as violative of Sections 1 and 2 of the Sherman Act, as well as California's Cartwright Act and Unfair Competition Law.

On August 13, 2020, Epic implemented a competing payment solution in its popular Fortnite app on iOS, which violated its contract with Apple. In response, Apple not only removed Fortnite from the App Store and terminated the Apple Developer Program account associated with Fortnite, but it also threatened to terminate all of Epic's affiliates' Developer Program accounts and their access to free downloadable software tools. Epic moved for a temporary restraining order and preliminary injunction, both of which the district court granted in part. Apple filed numerous counterclaims.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

*Briefly describe the result below and the main issues on appeal.*

After trial, the district court found in favor of Apple on all of Epic's claims except for the UCL claim, for which it granted a nationwide permanent injunction against Apple. The district court dismissed before trial Apple's counterclaims for intentional interference with prospective economic advantage and conversion. After trial, the district court found in favor of Apple on Apple's breach of contract counterclaim and awarded damages, and granted in part Apple's declaratory judgment counterclaim. The district court denied as moot Apple's counterclaims for breach of implied covenant of good faith and fair dealing and unjust enrichment. The district court found in favor of Epic on Apple's indemnification counterclaim.

The main issues on appeal include whether the district court erred in:

(1) defining the relevant antitrust markets;
(2) finding that Epic did not prove that Apple is a monopolist;
(3) applying the rule of reason;
(4) determining that the Apple Developer Program License Agreement is not an "agreement" for purposes of Section 1 of the Sherman Act;
(5) determining that the challenged contractual provisions are not unlawful, unconscionable or void as against public policy; and
(6) determining that Apple does not tie its payment solutions to its App Store.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

This case was designated under Northern District of California rules as related to the following cases, which are still pending before the district court: Cameron v. Apple Inc., No. 19-cv-03074-YGR-TSH; In re Apple iPhone Antitrust Litigation, No. 11-cv-06714-YGR-TSH; and SaurikIT, LLC v. Apple Inc., No. 20-cv-08733-YGR-TSH.

**Signature** s/Katherine B. Forrest  **Date** September 20, 2021

(use "s/[typed name]" *to sign electronically-filed documents*)

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 7**  2  Rev. 12/01/2018