# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form07instructions.pdf

| | |
|---|---|
| **9th Cir. Case Number(s)** | 21-16695 (consolidated with 21-16506) |
| **Case Name** | Epic Games, Inc. v. Apple, Inc. |
| **Counsel submitting this form** | Mark A. Perry - Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Ave, NW - Washington, DC 20036 |
| **Represented party/parties** | Apple Inc. |

*Briefly describe the dispute that gave rise to this lawsuit.*

Epic Games, Inc. brought this lawsuit against Apple Inc. alleging that the design of Apple's iOS platform and the App Store is in violation of the Sherman Act (15 U.S.C. § 1 et seq.), the Cartwright Act (Cal. Bus. & Prof. Code § 16700 et seq.), and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200). Epic Games, Inc. sought injunctive relief.

Apple Inc. filed a counterclaim alleging breach of contract for Epic Games, Inc.'s violation of the Developer Program License Agreement.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**        1        *Rev. 12/01/2018*

*Briefly describe the result below and the main issues on appeal.*

After a bench trial, the district court issued a written decision and judgment on September 10, 2021 holding that Epic Games, Inc. had failed to prove any of its claims under the Sherman Act or the Cartwright Act, and that Apple Inc. was entitled to damages for Epic Games, Inc.'s breach of contract. Although the Court held that Apple's policy of requiring the use of Apple's In-App Payment function and collecting a commission on such payment transactions was not "unfair" within the meaning of California's Unfair Competition Law ("UCL"), the Court ruled that Apple's policies with respect to certain types of developer efforts to avoid Apple's commission by dissuading or "steering" iOS users away from the iOS platform were "unfair" under the UCL. The Court issued a permanent injunction prohibiting Apple Inc. from enforcing two specific anti-steering policies.

The principal issues on Apple Inc.'s cross-appeal are (1) whether Epic Games, Inc. has standing to obtain the relief ordered by the Court, (2) whether the Court had an adequate legal and factual basis to conclude that Apple Inc.'s anti-steering provisions are "unfair" within the meaning of California's Unfair Competition Law, and (3) whether the Court exceeded its equitable authority in issuing injunctive relief.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Apple Inc. filed a motion to stay the judgment below on October 8, 2021. The motion remains pending.

**Signature** s/ Mark A. Perry   **Date** Oct 21, 2021

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*