Nos. 21-16506 & 21-16695

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

EPIC GAMES, INC.,

*Plaintiff/counter-defendant,*
*Appellant/cross-appellee,*

v.

APPLE INC.,

*Defendant/counter-claimant,*
*Appellee/cross-appellant.*

On Appeal from the United States District Court for the
Northern District of California
No. 4:20-cv-05640-YGR (Hon. Yvonne Gonzalez Rogers)

**REPLY BRIEF OF AMICI CURIAE TILE, MATCH GROUP, INC., BASECAMP, KNITRINO, AND THE COALITION FOR APP FAIRNESS IN FURTHER SUPPORT OF ITS MOTION TO FILE AMICUS BRIEF IN SUPPORT OF EPIC GAMES, INC.'S OPPOSITION TO DEFENDANT-APPELLEE'S MOTION FOR ADMINISTRATIVE STAY AND TO STAY INJUNCTION PENDING APPEAL**

PETER D. ST. PHILLIP, JR.
MARGARET MACLEAN
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
Email: pstphillip@lowey.com
         mmaclean@lowey.com

Attorneys for *Amici Curiae*

*Amici curiae* Tile, Match Group Inc. ("Match"), Basecamp, Knitrino, and the Coalition for App Fairness ("CAF") respectfully submit this response to Apple's opposition to their motion for leave to file an amicus brief, to correct misstatements made by Apple.

Ironically, it is *Apple's* brief, not *amici's*, that constitutes an improper attempt by a party to help itself to an extra brief. It is simply untrue that CAF (who, in any event, is only one of five *amici* here) is singularly controlled by Epic. CAF is an independent organization with a board of directors charged with making decisions. No single one of its over 60 members carries more authority than any other. Apple would do well to remember its own argument to this Court about the importance of distinguishing between separate legal entities when analyzing legal requirements. *See* Dkt. No. 19-1 at 15 ("Epic's subsidiaries are separate companies as to which there is no proof of harm from the anti-steering provisions.").

Apple's "substantive" arguments fare no better. The District Court's injunction explicitly applies to *any* app, not just apps that are not strictly subscription fee based. The cherry-picked footnotes Apple offers for its erroneous contrary view references the Court's treatment of Epic's Sherman Act claims, not its broader UCL claim the violation of which the District Court remedied through its injunction. *See* Dkt. No. 24-1 at 2 (citing Dkt. No. 24-2 at 33 n.198; *id* at 123 n.571). Indeed, if the District Court did not intend its injunction to apply to any

apps that offer subscriptions, it is difficult to understand why the District Court credited testimony from Down Dog and Match (both of which offer subscriptions) in determining that Apple's anti-steering provision had anticompetitive effects. *See* Dkt. No. 24-2 at 93.

In any event, several proposed amici, as well as other CAF members, offer other digital goods for purchase beyond subscriptions. For example, proposed *amicus curiae* Match offers non-subscription, add-on profile boosting options for purchase across almost all its brands. Proposed *amicus curiae* Knitrino has no subscription component at all. Further, as the proposed brief of *amici curiae* describes, Apple's anti-steering provisions also harm app developers by constraining the ways in which they can make *new* offerings. Dkt. No. 21-2 at 5. An app that currently offers only subscriptions could easily desire to expand to one-time purchases and be stymied by Apple's anticompetitive gag provision. For these reasons, Apple's contention that developers are unaffected by the District Court's injunction is simply wrong.

## CONCLUSION

The Court should grant *amici curiae* leave to file its brief in support of Plaintiff-Appellant.

Dated: December 2, 2021

Respectfully submitted,

/s/ *Peter D. St. Phillip, Jr.*
Peter D. St. Phillip, Jr.
Margaret MacLean
**LOWEY DANNENBERG, P.C.**
44 South Broadway
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
Email: pstphillip@lowey.com
mmaclean@lowey.com

Attorneys for *Amici Curiae*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 433 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Dated: December 2, 2021

/s/ *Peter D. St. Phillip, Jr.*
Peter D. St. Phillip, Jr.
Margaret MacLean
**LOWEY DANNENBERG, P.C.**
44 South Broadway
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
Email:   pstphillip@lowey.com
     mmaclean@lowey.com

Attorneys for *Amici Curiae*
Tile, Match Group, Inc., Basecamp,
Knitrino, and the Coalition for App Fairness

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: December 2, 2021

/s/ *Peter D. St. Phillip, Jr.*
Peter D. St. Philip, Jr.